OPINION OF THE COURT
William C. Brennan, J.
Defendant, herein, stands indicted for criminal possession of a weapon in the third degree.
On June 1, 1981, a Mapp hearing was conducted before the Honorable Arthur W. Lonschein to determine defendant’s motion to suppress the weapon seized.
On June 5, 1981, Justice Lonschein rendered a decision on the record granting defendant’s motion, suppressing the weapon as the fruit of an unreasonable search.
Thereafter, the People filed an appeal to the Appellate Division, Second Department.
On January 24, 1983, the Appellate Division unanimously reversed, on the law and the facts, denying the motion to suppress and remitting the case to the Supreme Court for further proceedings (91 AD2d 1051).
Defendant now seeks to reopen the hearing held in June, 1981, on the grounds that he was not afforded an opportunity to cross-examine the People’s witnesses.
*336 The court has reviewed, in their entirety, the minutes of the June 1, 1981 hearing as well as the decision rendered on June 5,1981 and concludes that there is no merit to the defendant’s contentions.
The record is clear, that at the conclusion of the testimony by the People’s sole witness, the defense counsel, on her own volition, made a professional determination not to pursue a cross-examination of said witness.
“the court: Any questions?
“ms. seligman: I have no questions Judge. I move to dismiss * * *
“the court: [Explaining his reasoning to the Assistant District Attorney why defense counsel was not asking any questions] Is that your argument?
“ms. seligman: Yes, correct, Judge * * *
“the court: And I take it, madam, the defendants are — this defendant is going to testify that he was walking with two friends and for no reason they were, stopped by the police officer who searched them.
“ms. seligman: That’s correct.
“the court: I got the picture. Thank you, Officer. Decision reserved.”
It would appear that defense counsel was in complete accord with the court’s analysis of the testimony proffered and that of any potential witnesses, including the defendant had he taken the stand.
Defendant’s argument to reopen the hearing, that an opportunity to cross-examine the witnesses is necessary to determine the propriety of the police officers’ actions and whether there was any reasonable cause for them to have stopped the defendant in the first instance, is, in this court’s opinion, rendered moot in light of the Appellate Division’s memorandum decision (supra, p 1052) which reversed the suppression previously granted and concluded that “the police acted prudently to insure their own safety”.
Nothing more need be gained by relitigating the suppression issue ad infinitum. (See People v Havelka, 45 NY2d 636.)
*337 In Havelka (supra, at p 643), the Court of Appeals stated: “Generally, where ‘no contention is made that the People had not had [a] full opportunity to present evidence * * * [t]here [is] no justification * * * to afford the People a second chance to succeed where once they had tried and failed’ * * * Denial of a rehearing under these circumstances accords with a system that offers a single opportunity for the presentation and resolution of factual questions. If such a practice were not followed, the defendant, having prevailed at the hearing, would be haunted by the specter of renewed proceedings. Success at a suppression hearing would be nearly meaningless, for a second and perhaps a third hearing, could later be ordered.”
Contrary to circumstances outlined in Havelka (supra), the People in the case at bar are not seeking a second opportunity to “tailor” the evidence at a rehearing in order to meet their burden of proof. In fact, all their cards were on the table, in a manner of speaking (see People v Knapp, 57 NY2d 161), and the decision to suppress the evidence was one of judicial judgment based on the facts elicited.
That decision, having been reversed by a unanimous appellate court, would not, in all likelihood, be reached again, in defendant’s favor, on a rehearing. The police conduct, leading up to the seizure of the weapon in question, has now been given the imprimatur of the Appellate Division and defense counsel has not indicated that there is any new or additional evidence that was not available at the original hearing.
It is the court’s opinion that defendant was confident in his attorney’s judgment not to pursue cross-examination when given that opportunity in the first instance. As a matter of hindsight, in light of the recent turn of events, this may have been a tactical error. However, it must be presumed that a vigorous cross-examination would not have altered the outcome on defendant’s behalf and the People would have still filed their appeal.
Assuming, arguendo, that the Appellate Division’s determination would not have differed, even had counsel put in a stronger defense on the record, defendant would now find himself without any issue with which to seek reopening of the hearing. (See People v Corales, 86 AD2d 551.)
*338 Although defendant has no obligation to dispute any aspect of the People’s case, or to point out the deficiencies in their case (People v Corales, supra, dissenting opn), it would behoove counsel, at trial, to point out potential inconsistencies in the testimony of the People’s witnesses by specific questioning on the record rather than mere reliance on the possible inadequacies of the People’s case, without more, as was done at the hearing.
Here, at best, defendant seeks to perpetuate a vicious cycle of hearings and appeals.
Moreover, the court finds this to be a unique situation in contradistinction to the myriad of cases in which the People seek to have a second bite at the apple in order to prove their cases.
Accordingly, defendant’s motion is denied in all respects and the matter is to be set down for trial.